Charles B. **BINDER** and **Milushka Binder, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 63 Civ. 2992.

United States District Court
S. D. New York.
April 21, 1966.

Gabriel T. Pap, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for defendant; Harvey R. Blau, Grant B. Hering, Asst. U. S. Attys., of counsel.

LEVET, District Judge.

This is an income tax refund action commenced by plaintiffs pursuant to 28 U.S.C. § 1346(a) (1) in which they seek the return of some $2,060.98. The real party in interest is Milushka Binder (also known at times as Mileva Binder). Her husband is named only because the income tax returns for the years in question were filed in their joint names.

The basis of plaintiff's action is that she alleges she is entitled to a net operating loss deduction for the years 1955, 1956, 1957 and 1958 based upon an alleged operating loss sustained in the year 1958.

By order of the court the issue of any liability on the part of the defendant, United States of America, to return any tax paid was tried first and the question of any valuations and amounts in connection therewith was deferred (SM 10, 11).

After hearing the testimony of the parties, examining the exhibits, pleadings, briefs and Proposed Findings of Fact and Conclusions of Law submitted by counsel, this court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. This action was commenced pursuant to 28 U.S.C. § 1346(a) (1) to recover income taxes paid by the plaintiffs for the years 1955, 1956, 1957 and 1958 in the total amount of $2,060.98.

2. Plaintiff Milushka Binder was born on December 11, 1896, in what is now Yugoslavia.

3. In or about 1939, plaintiff purchased certain real property in Belgrade, Yugoslavia, located at No. 5 Djure Djakovica Street in said city. In 1940, the building on this property was torn down and in 1941 a new building was erected.

4. In this newly erected building at said location there were 14 apartments, with a total of 27 rooms, which were rented to tenants. No rent was collected by plaintiff.

5. Plaintiff left Belgrade and Yugoslavia on September 20, 1941, apparently because of the invasion of Yugoslavia by Germany, going first to Italy, then to Switzerland, and from Switzerland to the United States. Plaintiff never returned to Yugoslavia.

6. At the time plaintiff left Yugoslavia in 1941, she appointed one Brana Milenkovic, a lawyer of Belgrade, as her agent to manage the property.

7. Milenkovic died sometime before 1946; plaintiff received no rents nor any correspondence from this agent.

8. After hearing of the death of Milenkovic, plaintiff, by a power of attorney dated January 14, 1946, appointed her brother-in-law, one Ivan Binder, as her agent to manage the property in Belgrade.

9. The said Ivan Binder was unable to collect any rents from the property and there is no proof that he ever managed the property. No other person besides Ivan Binder was authorized to manage the property. Plaintiff never sent any monies to Belgrade to pay on account of mortgages or make repairs to the property. She received no rents from the agent, Ivan Binder.

10. From 1941 to date plaintiff never made any repairs to the property. She made no mortgage payments. She expended no monies with respect to the operation of that property.

11. In 1946, immediately after the war, the property was occupied by the Communist Regime and neither plaintiff nor her agent, Ivan Binder, was able to exercise any control over the property or operate it as any trade or business. Plaintiff had no authority thereafter to sell or alienate the said property.

12. On March 8, 1961, a decision was rendered by the Commission for Nationalization of the People's Committee of the Borough of Stari Grad providing that the plaintiff's property had been nationalized as of December 26, 1958 pursuant to the Yugoslavian Law on Nationalization of Apartment Houses and Building Lots.

13. Under the said decision, dated March 8, 1961 (Ex. 1), one three-room apartment situated on the third floor of the building and one one-room efficiency apartment on the same floor were exempt from nationalization and remained the property of plaintiff.

14. The property at the time of nationalization was subject to three mortgages as follows:

1. Mortgage dated April 24, 1935, for an encumbrance of Dinars 500,-000.00;

2. Mortgage dated April 24, 1935, for an encumbrance of Dinars 50,-000.00,

both in favor of the State Mortgage Bank; and

3. Mortgage dated October 3, 1950, for an encumbrance of Dinars 720,-000.00 in favor of the Communal Bank of the City of Belgrade.

15. Under said decision the plaintiff remained obligated for the encumbrances of the above-mentioned mortgages which were cancelled by the nationalization order to the extent of a debt equal to 4/27ths of the original obligation, which was apparently secured by the recording of a new mortgage. The balance of the encumbrances were to be satisfied from the income of the nationalized part of the said building.

16. The Law on Nationalization above referred to, under which plaintiff's property was taken, provided for compensation for the owner, here the plaintiff, payable over a period of 50 years in an annual amount of 10% of the gross annual rents.

17. Under the laws of Yugoslavia, applicable after plaintiff's departure from Yugoslavia, an absentee owner of property therein was not permitted to appoint an agent.

18. The plaintiff has failed to show by a fair preponderance of the credible evidence that any trade or business was being conducted by her or by her agent at the time of the nationalization as above referred to.

19. Plaintiff has failed to prove by a fair preponderance of the evidence that her property in Yugoslavia was confiscated without compensation.

## DISCUSSION

The statutes involved are Sections 165 and 172 of Title 26, United States Code, Internal Revenue Code of 1954. They provide in pertinent part as follows:

"§ 165. Losses

"(a) General rule.—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

\*    \*    \*    \*    \*    \*

"(c) Limitation on losses of individuals.—In the case of an individual, the deduction under subsection (a) shall be limited to—

"(1) losses incurred in a trade or business;

"(2) losses incurred in any transaction entered into for profit, though not connected with a trade or business;
\*    \*    \*."

"§ 172. Net operating loss deduction

"(a) Deduction    allowed.—There shall be allowed as a deduction for the taxable year an amount equal to the aggregate of (1) the net operating loss carryovers to such year, plus (2) the net operating loss carrybacks to such year. For purposes of this subtitle, the term 'net operating loss deduction' means the deduction allowed by this subsection.

\*    \*    \*    \*    \*    \*

"(d) Modifications.—The modifications referred to in this section are as follows:

\*    \*    \*    \*    \*    \*

"(4) Nonbusiness deductions of taxpayers other than corporations.—In the case of a taxpayer other than a corporation, the deductions allowable by this chapter which are not attributable to a taxpayer's trade or business shall be allowed only to the extent of the amount of the gross income not derived from such trade or business.
\*    \*    \*"

Where nationalization is accompanied by compensation, an essential element of plaintiff's case is lacking. Ranschburg v. United States of America, 65–2 U.S.Tax Cas. ¶ 9485 (S.D.N.Y.1965).

The plaintiff, moreover, has not shown that at the time of the nationalization any trade or business was being conducted by her or by her agent on the premises in question. See Alvary v. United States, 302 F.2d 790, 796 (2nd Cir. 1962); Graham v. United States, 63–2 U.S.Tax Cas. ¶ 9607 (S.D.N.Y.1963); Abel L. Lajtha, 20    C.C.H.Tax.Ct.Mem.    1426    (1961); Xenia Deviak, 19 C.C.H.Tax.Ct.Mem. 626 (1960).

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this tax refund action by reason of 28 U.S.C. § 1346(a) (1).

2. In a tax refund action, the determination of the Commissioner of Internal Revenue is presumed to be correct and the burden is upon plaintiff to prove that she is entitled to an operating loss deduction for the year 1958 and an operating loss carryback for the years 1955, 1956 and 1957.

3. Plaintiff has failed to prove by a fair preponderance of the evidence that her property in Yugoslavia was, in fact, confiscated without compensation in 1958.

4. Plaintiff has failed to prove by a fair preponderance of the evidence that at the time her property in Yugoslavia was acquired by the Yugoslavia Government any loss which she allegedly sus-

tained was attributable to or stemmed from the operation of a trade or business regularly carried on by her.

The complaint, therefore, must be dismissed on the merits with prejudice and with costs.

Submit judgment in accordance herewith.