Jake MLADINICH, Sr. and Mary
Mladinich, Appellants,

v.

UNITED STATES of America,
Appellee.

UNITED STATES of America,
Appellant,

v.

Jake MLADINICH, Sr. and Mary
Mladinich, Appellees.

No. 23146.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1967.

William E. Logan, George E. Morse, Floyd J. Logan, Morse & Morse, Gulfport, Miss., by Logan & Logan, Gulfport, Miss., for appellants.

Richard M. Roberts, Act. Asst. Atty. Gen., Lee A. Jackson, Atty. Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., Joseph M. Howard, Donald W. Williamson, Attys., Dept. of Justice, Washington, D. C., Mitchell Rogovin, Asst. Atty. Gen., E. R. Holmes, Jr., Asst. U. S. Atty., of counsel, for appellee.

Before BROWN, BELL and DYER, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This case once again demonstrates the indispensability of adequate findings of fact in a Judge-tried case, F.R.Civ.P. 52(a). Myles v. Quinn Menhaden Fisheries, Inc., 5 Cir., 1962, 302 F.2d 146; Yedlin v. Lewis, 5 Cir., 1962, 299 F.2d 793; Victory Towing Co. v.

Bordelon, 5 Cir., 1955, 219 F.2d 540. After the travail of an appeal, briefing and arguing the case, we must send it back for the Court to make findings.

The case is a taxpayer's refund suit contesting deficiencies and a civil fraud penalty. The Government's case rested on the net worth method. To secure payment of additional taxes claimed to have been due for items revealed for the first time in the Government's pre-trial discovery, it filed a counterclaim. The Court entered judgment for the Government on the Taxpayer's claims (with some adjustments), but denied recovery on the counterclaim. The Court's findings were contained in a letter order[1] to counsel, a procedure admittedly more informal than the usual findings which by

structure and precision more likely assure that all relevant issues are disposed of.

Findings [a], [b], and [f] are certainly adequate as far as they went. And, of course, [c] is detailed and quite sufficient as to this critical item. But the net worth theory rests on the opening and closing statement and except for [c] the Court made no findings on the other specific contested items.[2]

Even more serious, there was absolutely no finding save the general words of [f] reflecting that the requisite elements of civil tax fraud had been established by clear convincing evidence. Breland v. United States, 5 Cir., 1963, 323 F.2d 492, 497; Goldberg v. C. I. R., 5 Cir., 1956, 239 F.2d 316, 320; Carter v. Campbell, 5 Cir., 1959, 264 F.2d

1. We have inserted bracketed letters [a], [b], etc. for ease of reference. The letter order stated:

"This is a suit for the recovery of income tax fraud penalties and interest collected by the Internal Revenue Service from the plaintiffs for the year 1956 in the amount of seventeen hundred fifty dollars fifty-one cents. [a] The records of the taxpayers for the tax year were incomplete. No records were kept of the gambling part of the business in which these parties with other members of the family were engaged. [b] It suffices to say under all of the facts and circumstances and inferences in this case that it presents a classic instance for the application of the net worth method of computing the proper tax for these taxpayers for that year.

"[c] The taxpayer criticizes the statement prepared on such basis because it does not give him credit for thirty-five thousand dollars in cash which he claims to have had in his possession at that time. This bankroll was said to have been buried for many years. Later it was said to have been kept in a safe at the taxpayer's home. Finally, it was supposed to have been distributed and carried on the person of Jake Mladinich, Sr., and his sons. No record was ever made of the existence of this money and nobody knew about its existence. Mladinich, Sr., said that he was afraid of banks. He also claimed that he kept the money as a reserve for gambling losses. His bookkeeper and the manager of his gambling establishment knew nothing of this horde and the manager of this

business made it clear by his testimony that there was no need for the existence of such fund. The Court rejects as false the testimony about the existence of such fund in its entirety. [d] That would seem to dispose of the claim of the plaintiffs, except as to the correct amount actually due the United States under its own statement. [e] The amount of this tax may be re-calculated and re-stated. It appears to the Court from the statement, however, that the amount collected is excessive. [f] The United States has shown by clear and convincing evidence to the satisfaction of the Court that the tax treatment accorded plaintiffs in this case was just and proper when the amount paid is shown to be accurate and proper. [g] The cross claim of the United States for the additional amount claimed was not established by the requisite proof to the satisfaction of the Court and such cross claim will be denied.

"A judgment accordingly may be presented for entry when the correct amount of the original assessment is determined; that is to say, when it is determined that such taxes by the original assessment were correctly calculated."

2. These are: (a) inclusion of assets of the "Hot Stop" Restaurant without deduction of the income therefrom; (b) deduction of arbitrary amount of $2500 for personal living expenses of three taxpayers; (c) failure to include $688.54 in prepaid assets; (d) failure to allot cash items including hoard and bank roll.

930, 939–940; And [g] is more of a legal conclusion disposing adversely as it does of the Government's counterclaim with no indication of factual issues or deficiencies.

■■ In effect, the parties urge that we pick and choose to come to conclusions each asserts is required under the clearly erroneous concept. But this is not our role. It deprecates the function of the trial. Armed with the buckler and shield of F.R.Civ.P. 52(a). Hughes Tool Co. v. Varel Mfg. Co., 5 Cir., 1964, 336 F.2d 61, 65; Rea Const. Co. v. B. B. McCormick & Sons, Inc, 5 Cir., 1958, 255 F.2d 257, 258, as findings come to us, we can perform our limited role only as we know with reasonable assurance just what the Judge has found.

■ We therefore vacate the judgment and remand the cause for making adequate findings, on the present record or as supplemented within the initial discretion of the District Court.

Vacated and remanded.