**Mary MLADINICH and Mary Mladinich, Administratrix of the Estate of Jake Mladinich, Sr., Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 25056.**

United States Court of Appeals Fifth Circuit.

May 7, 1968.

**148**

George E. Morse, William E. Logan, Logan & Logan, Morse & Morse, Gulfport, Miss., for appellants.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, John M. Brant, Attys., Dept. of Justice, Washington, D. C., for appellee, E. R. Holmes, Jr., Asst. U. S. Atty., of counsel.

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

This is the second appeal by the taxpayer in this refund case. On the former appeal we remanded the case to the district court for further findings of fact and conclusions of law. 371 F.2d 940, 942.[1] Upon remand, the district court made additional findings of fact and conclusions of law, rendered judgment for the government, and taxpayer has appealed therefrom. We affirm.

On this appeal the taxpayer contends that the district court committed the following errors: (1) incorrectly included some items and excluded others in the computation of the net worth of the taxpayer, thereby determining that a deficiency existed, (2) improperly imposed a penalty for fraud, and (3) allowed the government's counterclaim without a factual or legal basis.

This case, like many others of a similar nature, depends in large degree upon the facts involved. Such factual issues related to the sufficiency of taxpayer's books and records, the existence of a claimed "cash hoard", the amount of taxpayer's "loans receivable", the validity of various expenditures by the taxpayer, and other similar issues. As to all factual determinations, we are bound by the findings of the district court unless such findings are clearly erroneous. Rule 52(a), F.R.Civ.P.; United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Archer v. Commissioner of Internal Revenue, 227 F.2d 270 (5 Cir. 1955).

With respect to the foregoing, the district court found as a matter of fact that the taxpayer pursued a course of conduct calculated to "obstruct, confuse, and distort" any proper determination of his income tax liability for taxable year 1956, that no adequate set of books and records was ever produced by taxpayer, that taxpayer's assertion of the existence of a $35,000 cash hoard was false, that the government's calculation of net worth (with minor adjustments)[2] was correct, and that the value of the items which evidenced an increase in net worth and were the basis of the government's counterclaim were correct and proper.

We have examined and considered the record, briefs, and the contentions of the parties and conclude that the judgment of the district court should be and the same is hereby affirmed.

---

1. Originally Jake Mladinich, Sr., was a party plaintiff in the district court. He died subsequent to the remand, and Mary Mladinich as administratrix of his estate was substituted as a party by order of the district court.

2. As a result of certain proof at the trial the government conceded that its figures for personal living expenses of John Mladinich should be reduced by the sum of $2,500.