**Alma Louise STONE, Plaintiff-Appellant,**

v.

**UNITED STATES of America and Criterion Insurance Company, Defendants-Appellees.**

No. 26652.

United States Court of Appeals
Fifth Circuit.

March 12, 1969.

Paul Bernardini, Lawrence O. Sands, Sands, Smalbein, Eubank, Johnson & Rosier, Daytona Beach, Fla., for appellant.

Edward F. Boardman, U. S. Atty., Joseph W. Hatchett, Asst. U. S. Atty., Jacksonville, Fla., Patricia S. Baptiste, John C. Eldridge, Norman Knopf, Attys., Dept. of Justice, Washington, D. C.,

**996**

Charles S. Carrere, Orlando, Fla., Edwin L. Weisl, Jr., Asst. Atty. Gen., for appellees.

Before PHILLIPS,* BELL and MORGAN, Circuit Judges.

PER CURIAM:

The relevant issue of this appeal from a judgment of dismissal in favor of the United States is whether Richard McNichol was "within the scope of employment" at the time of the accident in which plaintiff-appellant was injured.

Richard McNichol, an enlisted man in the United States Navy, was en route from Key West, Florida, to New London, Connecticut, in his privately-owned automobile when he collided with a vehicle driven by appellant Stone, whose injury gives rise to this suit against the United States Government. McNichol was acting under orders issued by his Commanding Officer which authorized individual travel to New London and directed commercial transportation. Instead, McNichol chose to disregard these orders and travelled by his private automobile.

 It is statutory law that the United States is liable just as a private person for the acts of its employee acting within the scope of his office or employment. 28 U.S.C.A. § 1346(b). We concur with the District Court's findings of fact that McNichol's use of his privately-owned vehicle was unauthorized and deny appellant Stone's contention that such findings are "clearly erroneous". Mladinich v. United States, 394 F.2d 147 (5 Cir., 1968).

 As to claimant Stone's argument that McNichol's actions were within his scope of employment, we find such to be void of merit. A review of the Florida cases reveals no law in this jurisdiction on this narrow point. Indeed, research has produced only one decision that is closely in point with the case *sub judice.* Paly v. United States, 125 F.Supp. 798 (D.Md., 1954), aff'd 4th Cir., 1955, 221 F.2d 958. In light of the above case and

the general principles of agency law, we hold that McNichol was not acting within the scope of his employment. The decision of the District Court is affirmed.

* of the Tenth Circuit, sitting by designation.