Mrs. Vera JOHNSON, Widow of Marshall Scott, Jr., Deceased, Plaintiff-Appellant,

v.

Louis A. HEYD, Sr., Criminal Sheriff, Parish of Orleans, et al., Defendants-Appellees.

No. 26836
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

July 16, 1969.

Order vacated, see 415 F.2d 1005.

Earl J. Amedee, A. M. Trudeau, Jr., New Orleans, La., for appellant.

John B. Hattier, Bernard A. Horton, New Orleans, La., for appellees.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

Appellant Mrs. Vera Johnson, a resident of California, alleging that she was the widow of Marshall Scott, brought this damage action against Louis Heyd, Sr., Criminal Sheriff of Orleans County, Louisiana, certain of his deputies, and his surety bondsman, The American Employers' Insurance Company, under the provisions of Title 42, U.S.C. Sections 1981 and 1983. Mrs. Johnson also invoked certain Articles of the Louisiana General Tort Law seeking recovery for injuries allegedly caused by imprudence and negligence of defendants resulting in the death of her husband while incarcerated in the Orleans Parish Prison.

■ Appellant presented several witnesses on her behalf in attempting to prove her case and rested. Thereafter, all the defendants rested their cases without offering any evidence. The District Court, upon motion of the counsel to dismiss under Rule 41(b), Federal Rules of Civil Procedure, dismissed the action of appellant without making findings of fact as provided in Rule 52(a) and as expressly required by amended Rule 41(b). This was error.

Appellant asserts as erroneous various conclusions which she contends the trial Court made, but it is difficult for this Court to conclude just what were the findings and conclusions of the trial Court from the record that we have be-

fore this Court. This case demonstrates the indispensability of adequate findings of fact in a non-jury case. See Mladinich v. United States, 371 F.2d 940 (5 Cir., 1967).

We therefore vacate the judgment and remand the cause for making adequate findings on the present record or as supplemented within the initial discretion of the District Court.

Vacated and remanded.