Jake **MLADINICH, Sr.,** et al., **Plaintiffs-Appellants, Cross-Appellees,**

v.

**UNITED STATES** of America, **Defendant-Appellee, Cross-Appellant.**

No. 27380

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Oct. 2, 1969.

George Morse, Morse & Morse, William E. Logan, Gulfport, Miss., for appellant.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Joseph N. Howard, Lee A. Jackson, Johnnie M. Walters, Asst. Atty. Gen., John M. Brant, for appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

■ Appellants own the Cabana Beach Motel, Fiesta Lounge, and Patio Room in Biloxi, Mississippi. The lounge is open daily from noon until 2:30 or 3:00 a.m. and features live entertainment from 8:30 or 9:00 p.m. until closing. All sales during entertainment hours are subject to a 20% cabaret tax.[1] The Patio Room, which adjoins the Lounge, is used primarily for appellants' surreptitious gambling operation consisting of one "blackjack" and one dice game.

The Government assessed appellants $386.98 in additional cabaret taxes for the third quarter of 1960. They paid the assessment and initiated this action to recover their payment. The Government counterclaimed for a total of $28,143.25 in additional cabaret taxes for the following periods: the first, second and fourth quarters of 1960; all of 1959; and, the last half of 1958. There-

1. There is imposed a tax of 20% on all receipts for admissions, refreshments, service or merchandise at any cabaret or other such place furnishing a public performance for profit. 26 U.S.C.A. Section 4231 (IRC 1954). This tax was reduced to 10% after May 1, 1960 by 74 Stat. 41.

fore, the issues in the lower court were whether appellants were liable for additional cabaret taxes for the ten quarter period running from July 1, 1958 to December 31, 1960, and if liable, to what extent. The trial court held appellants liable for $17,941.83 in additional cabaret taxes for 1959 and the last half of 1968, but found no additional tax liability for 1960. On this appeal, the Government contends that the court's finding as to 1958–59 was correct, but that its finding as to 1960 was clearly erroneous; appellants take exactly the opposite position.[2] The case was tried by the court without a jury. Both the taxpayers and the Government appeal. We affirm in part and reverse and remand in part.

The trial court's decision was based on two factual findings: First, the taxpayers failed to prove by a preponderance of the evidence that the Government erred in computing the cabaret tax assessment for 1958 and 1959. Second, the taxpayers proved by a preponderance of the evidence that the Government's assessment for 1960 was erroneous. We may not set aside these findings unless "clearly erroneous."[3]

■■ We are convinced of the correctness of the court's finding that taxpayers owed $17,941.83 in additional taxes for the last two calendar quarters of 1958 and all four calendar quarters of 1959. The Government's assessment of additional cabaret taxes was based on the net worth increase of the appellants' partnership; the total income reported from the Fiesta Lounge; and, the total reported as gambling income. Clearly, appellants bore the burden of proving that the Government erred in computing the assessment.[4] As stated by the trial court, the difficulty with appellants' position is that "they kept no intelligible records to verify the source of any receipts."[5] Except for repeated assurances by appellants that their returns were correct, the record is void of facts which would refute the Government's assessment. Appellants are not novices in the business world or the world of tax litigation.[6] They failed to keep proper business records and must now bear the consequences. This portion of the trial court's decision is affirmed.

■ We are likewise satisfied that the trial court erred in reaching the conclusion of no tax liability for the year

---

2. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

3. 52(a) F.R.Civ.P.; United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Mladinich v. United States, 394 F.2d 147 (5th Cir. 1968).

4. United States v. Lease, 346 F.2d 696 (2d Cir. 1965) (containing an excellent compilation and analysis of cases bearing on this issue); Price v. United States, 335 F.2d 671 (5 Cir. 1964) (presumption of correctness applied in a tax collection suit) citing Goldberg v. C.I.R., 239 F.2d 316 (5th Cir. 1956) and Anderson v. C.I.R., 250 F.2d 242 (5th Cir. 1957) cert. denied, 356 U.S. 950, 78 S.Ct. 915,

2 L.Ed.2d 844 (1958); Veino v. Fahs, 257 F.2d 364 (5th Cir. 1958) (presumption applied in a suit in which a tax refund was sought).

5. The district court found as follows: The trouble with the taxpayers in their position on both claims is that they kept no intelligible records to verify the source of any receipts. The plaintiffs had substantial gambling operations on the premises and claim receipts from such source alone in the amount of $125,896.70. But the plaintiffs failed to convince the Court that such income in said amount came from gambling and not the cabaret. * * * But no records of these taxpayers were kept or entered into the record before this Court to show that the estimated amount contained in such assessment was erroneous or excessive.

6. Mladinich v. United States, 394 F.2d 147 (5th Cir. 1968); Mladinich v. United States, 371 F.2d 940 (5th Cir. 1967).

1960. All of the Government's evidence applied with equal force to each of the tax periods considered. Both parties agree that there is nothing in the record to distinguish 1960 from 1958–59 tax periods.[7] The trial court's only statement in support of its distinction is as follows:

> The Court is not convinced by this proof that taxpayers owed any additional cabaret taxes for the year 1960. * * * The government's calculation of such tax for 1960 is not established by the greater weight of the more convincing evidence. It was not checked and verified by the Government as was the case for the 1958 and 1959 part of the period in suit. It thus follows that the plaintiffs have established their claim by a preponderance of the evidence and that they are entitled to recover a judgment here for the amount of such quarterly payment of $346.71 with statutory interest. The claim of the United States will be allowed to the extent stated ($17,941.83) with interest and penalty, and will be disallowed as to the year 1960.

An exhaustive review of the record has produced no facts to support this conclusion as to the year 1960. In our opinion the lower court's finding concerning the 1960 assessment is "clearly erroneous."

The judgment of the district court is affirmed with respect to the last two calendar quarters of 1958 and all four calendar quarters of 1959. The judgment is reversed with respect to the year 1960 and the case is remanded with directions to enter judgment for the United States.

Affirmed in part and reversed and remanded in part.

7. The following is from the appellant's brief:
   There is nothing in the testimony to differentiate 1960 from 1959, and six months in 1958.
   The Government's brief asserts:
   Taxpayers are correct in observing that on the evidence there was no distinction

to be drawn between the four calendar quarters of 1960 (for which judgment was ordered for taxpayers) and the preceding 1958 and 1959 quarters with respect to which judgment was entered for the United States.