The **PURE OIL COMPANY**, Appellant,

v.

**BETHLEHEM STEEL COMPANY**,
Appellee.

No. 24892.

United States Court of Appeals
Fifth Circuit.

March 15, 1968.

Robert M. Julian, Houston, Tex., Vinson, Elkins, Weems & Searls, Houston, Tex., of counsel, for appellant.

Louis V. Nelson, Beaumont, Tex., E. J. O'Brien, Asst. Gen. Counsel, Bethlehem Steel Corporation, Bethlehem, Pa., Strong, Pipkin, Strong & Nelson, Beaumont, Tex., of counsel, for appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

This appeal is from a final judgment entered by the District Court dismissing an action in admiralty brought by the Pure Oil Company, owner of the S/T "Pure Oil", against Bethlehem Steel Company to recover losses arising from damage to the vessel's fuel oil heater. We affirm.

On July 20, 1962, while the vessel was at Bethlehem's shipyard, the vessel's port fuel heater was taken ashore, opened, and a bundle of steam tubes removed by Bethlehem's employees at Pure Oil's request. An inspection of the tubes located a pinhole leak in one tube which was repaired.

The heater was tested, reassembled and reinstalled in the vessel. In mid-November, 1962, the heater was put into use and operated without incident until January 11, 1963, when a tube adjacent to the one repaired by Bethlehem ruptured causing oil to leak into and contaminate the steam system.

At the trial before the District Court conflicting factual issues, based largely upon circumstantial evidence, arose. The District Court resolved these issues and concluded that Bethlehem did not damage the tube in the heater, was not negligent in making the original repairs, and did not breach a warranty of workmanlike performance.[1]

We are unable to say, upon a careful review of the record, that the findings of the District Court are clearly erroneous. McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20; Sisung v. Tiger Pass Shipyard Co., 5 Cir. 1962, 303 F.2d 318; Trinidad Corp. v. Indiana Towing Co., 5 Cir. 1961, 293 F. 2d 107, cert. denied 369 U.S. 861, 82 S. Ct. 951, 8 L.Ed.2d 19. As Chief Judge Brown so aptly put it in Ohio Barge Line, Inc. v. Oil Transport Co., 5 Cir. 1960, 280 F.2d 448, 449,

If we were to approach it as simply a question—how should this case be decided?—we would effectually bypass a trial court. The problem faced is more nearly that of determining whether the trial judge, faced with the choice—often hard choices between competing versions of simple or complex occurrences—has fairly weighed the matter and has reached a conclusion which seems substantial and reasonable even though another result might have been achieved either by him or others. In this approach it is our view that the District Court's findings neither should, nor may, be disturbed in this case.

Affirmed.

---

1. We need not and do not reach the question of the applicability of Alcoa Steamship Co. v. Charles Ferran & Co., 5 Cir. 1967, 383 F.2d 46, relied upon by Bethlehem, nor the question of the correctness of the District Court's finding that the so-called "Red Letter Clause," incorporated in Bethlehem's invoice, stated a valid contractual limitation of liability.