**ACME BOAT RENTALS, INC.,**
Plaintiff-Appellee,

v.

**J. RAY McDERMOTT & COMPANY,**
Inc., Defendant-Appellant,

v.

**FREEPORT SULPHUR COMPANY,**
Third-Party Defendant-Appellee.

No. 26835.

United States Court of Appeals
Fifth Circuit.

Feb. 25, 1969.

Edmond C. Salassi, New Orleans, La., of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for J. Ray McDermott & Co., Inc.

Charles E. Lugenbuhl, Bruce J. Borrello, New Orleans, La., Maurice C. Hebert, Jr., New Orleans, La., for Acme Boat Rentals, Inc., appellee; Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., of counsel.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of the Court, this case has been placed on the summary calendar for disposition without oral argument.[1]

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. See Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165 [slip opinion dated January 23, 1969], Fn. 1 and Appendix thereto.

This appeal is from a judgment of the District Court sitting without a jury. The judgment was rendered without a statement of either findings of fact or conclusions of law. Rule 52(a) of the Federal Rules of Civil Procedure states: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon * * *." Such findings of fact and conclusions of law are mandatory and must be sufficient in detail and exactness to indicate the factual basis for the ultimate conclusion reached by the court. S.S. Silberblatt, Inc. v. United States, 5 Cir., 1965, 353 F.2d 545; Mladinich v. United States, 5 Cir., 1967, 371 F.2d 940.

The judgment is vacated and the cause remanded for findings of fact and conclusions of law not inconsistent with Rule 52(a) and the decisions of this court. Cf. Myles v. Quinn Menhaden Fisheries, Inc., 5 Cir., 1962, 302 F.2d 146, on form of findings and conclusions.

Vacated and remanded.