George **ANDERSON**, Plaintiff-Appellee,

v.

The SS **GULF TRADER**, her engines, tackle, furniture and apparel, **Defendant,**
and
**Gulf & South American Steamship Co., Inc., Defendant-Appellant,**
and
New Orleans Stevedoring Company, Intervenor Defendant-Appellant.

No. 27127
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

July 30, 1969.

William E. Wright, New Orleans, La., Harmon F. Roy, Lafayette, La., H. Purvis Carmouche, Jr., New Orleans, La., Mouton, Roy, Carmouche & Hailey, Lafayette, La., Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., for appellant.

Clifton S. Carl, Garrett & Carl, New Orleans, La., for George Anderson libelant and appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

**PER CURIAM:**

■ Longshoreman Anderson, while loading and stowing sacked cargo in a locker in one of the 'tween decks of the SS Gulf Trader, was struck by three or four sacks falling from a loaded pallet and suffered permanent injuries. Finding that the ship was unseaworthy, the District Court awarded Anderson damages in the amount of $75,000. Recovery over by the ship against the impleaded stevedore, New Orleans Stevedoring Company, was allowed. Attacking Anderson's right of recovery in the first instance, and alternatively the District Court's refusal to reduce the award because of Anderson's negligence, the ship and stevedore appeal.[1]

We affirm.

■ Without so much as a nod to the clearly erroneous rule, McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20, the appellants invite us to weigh the evidence asserting that it does not support the District Court's findings of fact that the ship was unseaworthy, that unseaworthiness was the proximate cause of the accident, that the construction of the cargo draft was in violation of a Coast Guard requirement, and that Anderson was not guilty of contributory negligence that would comparatively reduce the amount of his damages.

We decline appellant's invitation. Such a latitudinarian approach is not consonant with the injunction that we may not set aside the judgment below unless it is clearly erroneous. Gloria SS Co. v. Smith, 5 Cir. 1967, 376 F.2d 46; Pure Oil Co. v. Bethlehem Steel Co., 5 Cir. 1968, 391 F.2d 249. Moreover, the appellants have not shown even a patina of mistake having been committed either as to the District Court's findings on lia-

1. Gulf and South American Steamship Company, Inc., owner of the SS Gulf Trader, and New Orleans Stevedoring Company, Anderson's employer, stipulated to the issues on appeal, that they were such as to make joinder practicable, and consolidated their appeals.

Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804 [March 11, 1969].

bility or on the question of damages. United States v. United States Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746; Symonette Shipyards, Ltd. v. Clark, 5 Cir. 1966, 365 F.2d 464.

Affirmed.