**STAR TOWING COMPANY, Inc.,
Plaintiff-Appellee,**

v.

**HARVESTER SUPPLY COMPANY, Inc.,
et al., Defendants,**

**Leroy Ray and Curtis Barton, Defendants-
Appellants.**

**No. 27969.**

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1970.

---

William A. Porteous, III, Porteous, Toledano, Hainkel & Johnson, New Orleans, La., for appellants.

Edwin K. Legnon, James B. Kemp, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for appellee.

Before AINSWORTH, DYER and SIMPSON, Circuit Judges.

PER CURIAM.

This is a suit in admiralty for towage services performed on the Mississippi River within the State of Louisiana. It was filed against several defendants and there is no dispute that the services were performed. A default judgment was entered against defendants Harvester Supply Company, Inc. and Soden Harris, who were judgment proof, and plaintiff pursued its action against the other two defendants, Ray and Barton.

The case arose out of the devastation of Hurricane Betsy when defendants, all Texas citizens, came to New Orleans to engage in buying and selling salvaged grain which had been damaged by the hurricane. Plaintiff contends that defendant Ray originally engaged its towing services and that subsequently additional services were obtained through defendant Barton, that these defendants were joint venturers with Harris in the grain salvage operations. Defendants Ray and Barton contend that they were acting as employees or agents of Harvester Supply Company, Inc., that plaintiff was aware of this relationship, and that defendants did not exceed their authority; therefore, that they are not bound for the corporation's debts.

The case resolved itself into a determination of issues of fact and the making of credibility choices, all of which were resolved by the District Judge in favor of plaintiff. The Court, declaring that it was confronted with credibility choices, stated that it adopted plaintiff's evidence and found against defendants Ray and Barton. The clearly erroneous rule (Rule 52(a), Fed.R.Civ. P.) is directly applicable, and from a consideration of the entire record and the findings and conclusions of the District Judge, we are not convinced that a mistake has been made. On the contrary, we believe the District Court's findings to be correct. Obviously they should not be disturbed unless we have the firm conviction that a mistake has been made. Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774; McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954).

Under Louisiana law the members of a commercial partnership are liable in solido for partnership debts. See La.Rev.Civ.Code Ann. art 2825 (1952). The District Court found that defendants contributed their finances, labor, skill and individual industry to salvage grain with a view to participating in expected profits, which was therefore a joint venture, and under Louisiana law

joint ventures are considered to be similar to partnerships. Since members of the venture were engaged in the purchase of the sale of personal property, their activities were subject to Louisiana law applicable to commercial partnerships; that is, each member of the partnership was liable in solido for the partnership debts. See La.Rev.Civ. Code Ann. art. 2825 (1952).

Affirmed.