**ACME BOAT RENTALS, INC., Plaintiff-Appellee,**

v.

**J. RAY McDERMOTT & COMPANY, Inc., Defendant-Appellant,**

v.

**FREEPORT SULPHUR COMPANY, Third-Party Defendant-Appellee.**

No. 28401.

United States Court of Appeals, Fifth Circuit.

April 14, 1970.

Donald L. King, Fred E. Salley, New Orleans, La., for defendant-appellant.

Charles E. Lugenbuhl, New Orleans, La., for plaintiff-appellee Acme Boat Rentals.

Bruce J. Borrello, New Orleans, La., for third-party defendant-appellee Freeport Sulphur Co.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

CLARK, Circuit Judge.

In this once-tried, twice-appealed maritime case,[1] the District Judge, after making the required detailed findings of fact and conclusions of law, reentered his original judgment against J. Ray McDermott & Co., Inc. in favor of Acme Boat Rentals, Inc., the owner of a crewboat which sank in the Mississippi River because of a collision with a creosoted timber piling which was adrift as a result of dock repair work undertaken by the appellant contractor, McDermott. The court also denied McDermott indemnity or contribution from Freeport Sulphur Company, the owner of the dock. Under the clearly erroneous stricture of Rule 52(a), F.R.Civ.P., we affirm.

At trial, this case required a determination of issues of fact with only minor problems of credibility, all of which were resolved by the District Judge in favor of Acme and Freeport and against McDermott. From a careful examination of the entire record, we are not convinced that a mistake has been made. Star Towing Company, Inc. v. Harvester Supply Company, Inc., 421 F.2d 628 (5th Cir. 1970). We cannot say that the Judge did not fairly weigh the matter or that the conclusions he reached are insubstantial or unreasonable. Ohio Barge Line, Inc. v. Oil Transport Co., 280 F.2d 448 (5th Cir. 1960); Pure Oil Co. v. Bethlehem Steel Co., 391 F.2d 249 (5th Cir. 1968). Thus McDermott's success on its first appeal resulting in requiring detailed findings of fact has become the petard upon which it is now hoist.

McDermott alleges three errors on the part of the District Court: (1) failure to take into consideration that appellant used reasonable care in doing its work; (2) failure to reduce damages either on account of libelant's alleged contributory negligence or to accord with a lesser value allegedly established by the proof;

---

1. The first appeal resulted in reversal with directions to the court below to make findings of fact and conclusions of law pursuant to Rule 52(a), 407 F.2d 1324 (5th Cir. 1969).

and (3) failure to grant indemnity to McDermott against Freeport.

■ On the first issue the court was entitled to consider the amount and type of debris which escaped McDermott's operations and went free into the river, the period during which this condition was allowed to exist and the unfavorable inference permissible from a failure to produce employee witnesses possessed of first hand information [2] as well as the acts of carelessness directly shown by the proof in determining whether McDermott was guilty of negligence and statutory fault under 33 U.S.C.A. § 407 (1957).

■ As to the second issue, the finding that there was no contributory negligence on the part of Acme's crewboat captain was supported by uncontradicted testimony that at the time of the collision the captain was keeping a sharp lookout and had to take evasive action to avoid a piece of floating debris when he struck the partially submerged piling that caused the sinking. In making the unmeritorious contention that the District Judge erred in choosing the higher of the values established by the proof in the record, McDermott inadvertently interjects the issues of whether the amount demanded in the libel (11,000 dollars) limits the recovery awarded by judgment (12,000 dollars). Because all procedural niceties are subservient to the ends of intrinsic justice in admiralty, we hold that where the defendant appears and answers and a trial ensues, the Court may grant the relief to which the proof, made without objection, shows libelant is fairly entitled, even absent technical amendment of the libel before or after judgment.

■■ The right of McDermott to indemnity from Freeport was correctly denied under the criteria collated by this Court's decision in Tri-State Oil Tool Industries, Inc. v. Delta Marine Drilling Co., 410 F.2d 178 (5th Cir. 1969). Indemnity is only available in favor of one who is passively, vicariously or secondarily at fault against the party whose active or primary negligence causes the injury or damage upon which recovery is predicated. Although Rules 9(h) and 14 of the F.R.Civ.P., which were considered by the court in *Tri-State*, were amended to specifically encompass admiralty actions against the filing of the pleadings here, that fact can in nowise diminish the authority of what was said there for McDermott here, because in the amendments the right to claim indemnity as it existed under former Admiralty Rule 56 was in no way restricted.

■ The issue of McDermott's right to contribution from Freeport, raised by the pleadings and denied in the judgment appealed from, could present an involved legal question as to the applicability of the non-collision dictum in Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952). *See* Hartford Accident and Indemnity Co. v. Gulf Refining Co., 230 F.2d 346 (5th Cir. 1956); D/S Ove Skou v. Herbert, 365 F.2d 341 (5th Cir. 1966); and Penn Tanker Co. v. United States, 409 F.2d 514 (5th Cir. 1969). However, McDermott neither briefed nor argued its right to contribution. We therefore expressly decline to reach that issue on this appeal. Nolan v. Coating Specialists, Inc., 422 F.2d 377 (5th Cir. 1970). *See also* Liberty Mutual Insurance v. Davis, 412 F.2d 475 (5th Cir. 1969).

Affirmed.

---

2. Tropicana Shipping, S.A. v. Empresa Nacional "Elcano" de la Marina Mercante, 366 F.2d 729 (5th Cir. 1966).