Charles Ray **JOHNSON**, Plaintiff-Appellee,

v.

**HARTFORD ACCIDENT & INDEMNITY COMPANY, Defendant-Appellant.**

**No. 28614**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 8, 1970.

Rehearing Denied May 12, 1970.

Donald Carroll, Tyler, Tex., for appellant, Mike A. Hatchell, Ramey, Brelsford, Flock, Devereux & Hutchins, Tyler, Tex., of counsel.

C. A. Keeling, Badders & Keeling, Nacogdoches, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellee, Johnson, brought this action against appellant, Hartford Accident and Indemnity Company, as carrier of workmen's compensation for his employer, the City of Nacogdoches, Texas. The District Court, finding that Johnson had suffered a compensable injury and was totally and permanently disabled, awarded statutory benefits. We affirm.[1]

Johnson was employed by the city as a garbage collector. After hoisting a garbage container onto the garbage truck Johnson climbed aboard the truck, emptied the container and climbed back to the ground. He then experienced a pain around his navel. Upon examination he discovered two little knots about ¾ of an inch from his navel. He reported this to his supervisor and was sent to a doctor who made a diagnosis of umbilical hernia.

On appeal Hartford urges that there is no evidence to support the District Court's findings of compensable injury or total and permanent disability. We are persuaded, however, that there is sufficient evidence to support the District Court's findings of fact and that they are not clearly erroneous. Morrison Oil and Gas Co. v. Burger, 5 Cir. 1970, 423 F.2d 1178; Humble Oil &

Refining Co. v. The Tug Crochet, 5 Cir. 1970, 422 F.2d 602; Gulf Banana Co. v. Reefer Shipping Corp., 5 Cir. 1968, 391 F.2d 287; Pure Oil Co. v. Bethlehem Steel Co., 5 Cir. 1968, 391 F.2d 249.

Affirmed.

ON PETITION FOR REHEARING

PER CURIAM:

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.