**Mrs. Frances MISKELL, Wife of/and Arlie Miskell, Plaintiffs-Appellees,**

v.

**SOUTHERN FOOD COMPANY, Inc., d/b/a Meal-A-Minit and Continental Casualty Company, Defendants-Appellants.**

**No. 29102.**

United States Court of Appeals, Fifth Circuit.

March 25, 1971.

**PER CURIAM:**

Mrs. Frances Miskell and her husband sued the Southern Food Company, Inc., and its insurer to recover for injuries and losses sustained as a result of her fall at the entrance to Southern Food Company's restaurant on St. Charles Avenue in New Orleans. The facts are simple, though not without dispute.

On the afternoon of August 5, 1966, Mrs. Miskell drove to appellant's restaurant and parked near the entrance. She carried a three-year-old child on her hip. She was not a frequent customer but had been to the restaurant on a few other occasions. The entrance foyer was a step-up slab from the sidewalk, approximately ten feet wide and three feet, eight inches from its front edge to the door. The slab was made of terrazzo, a compound of concrete and marble chips. Defendants sought to show that this material was often used in the city and that it contained abrasive elements to increase the friction quality of its surface.

It had been raining the day of the accident, and Mrs. Miskell was aware that the entrance was wet. The entrance was not enclosed and was not covered by a canopy. There is a dispute in the testimony between Mrs. Miskell and the restaurant manager as to whether Mrs. Miskell was walking normally or running, and whether she slipped on the surface or tripped on the step. In either event, she fell forward on the entrance surface into a glass door which shattered, injuring her. The door was crystal glass, 7⁄32 inch thick, which defendants sought to show was commonly used in the city. The door had a handle and cross bar on the inside, but only a handle on the outside.

The plaintiffs claim that the evidence established negligence in several respects: the slippery condition of the entrance, the absence of a cross bar on the outside of the door by which Mrs. Miskell might have broken her fall, the use of a glass door which was not made of tempered or shatterproof glass, the ab-

Francis G. Weller, of Deutsch, Kerrigan & Stiles, New Orleans, La., for appellants.

Lawrence L. Lagarde, Jr., New Orleans, La., for appellees.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS, Jr.,* Judge of the Court of Claims.

* Hon. Philip Nichols, Jr., sitting by designation.

sence of rubber mats or other similar, non-slip appurtenances, the failure to mop up or remove the water that accumulated on the entrance. Judgment was entered on a jury's verdict for $9,-000.00 in favor of Mrs. Miskell and $1,-875.00 in favor of her husband.

On appeal the defendants urge that the district court committed error by granting plaintiffs' untimely motion for a jury trial, by failing to submit the several issues of negligence to the jury on special interrogatories, and by denying defendants' motions for directed verdict and for judgment n. o. v.

 Rule 39(b), Federal Rules of Civil Procedure, provides:

"Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

The district court did not abuse its discretion in granting the plaintiffs' untimely motion for a jury trial.[1]

While the use of special interrogatories may be of assistance and on some occasions avoid the need for a new trial,[2] their use rests in the discretion of the district court. Failure to use them here was not reversible error.[3]

As to the sufficiency of the evidence on the issues of negligence and contributory negligence, we are governed by the standard developed in Boeing Co. v. Shipman, 5 Cir. 1969, 411 F.2d 365, 374, 375. Louisiana appellate courts, on the other hand, have the right and the duty to review both the law and the facts in civil cases. Louisiana Constitution of 1921, Art. 7, § 10; Parsons v. Bedford, 1830, 28 U.S. 443, 447. "As a consequence of that situation, in civil cases federal courts evaluating decisions of Louisiana state courts as precedents have the difficult task of separating the decisions of the Louisiana courts on the law from their review of the facts." Wright v. Paramount-Richards Theatres, 5 Cir. 1952, 198 F.2d 303.

A detailed discussion of the evidence would serve no useful purpose. Suffice it to say that, after careful consideration in the light of the *Boeing* standard, we agree with the district court that there was sufficient evidence to support the jury's verdict. The judgment is therefore

Affirmed.

---

1. Swofford v. B & W, Incorporated, 5 Cir. 1964, 336 F.2d 406, 409; 5 Moore's Federal Practice & Procedure (2nd ed.) § 39.09, p. 715.

2. See Brown, Federal Special Verdicts: The Doubt Eliminator, in Proceedings of the Annual Judicial Conference, Tenth Judicial Circuit, 44 F.R.D. 245, at 338 (1967).

3. Texas and Pacific Railway Co. v. Griffith, 5 Cir. 1959, 265 F.2d 489, 493; 2B Barron & Holtzoff, Federal Practice & Procedure (Rules ed.) § 1054, pp. 336–337; 5 Moore's Federal Practice (2nd ed.) § 49.03 [1], p. 2208 n. 4.