Harold G. **HAWKINSON**, Plaintiff,

v.

**BLANDIN PAPER COMPANY**, a Corporation, et al., Defendants.

No. 3–71–Civ–188.

United States District Court,

D. Minnesota,
Third Division.

April 14, 1972.

Johnson, Essling, Williams & Essling, William W. Essling, St. Paul, Minn., for plaintiff.

Oppenheimer, Brown, Wolff, Leach & Foster, Craig W. Gagnon, St. Paul

**518**

Minn., attorneys for defendant Blandin Paper Company.

Donald E. Engle and Richard V. Wicka, St. Paul, Minn., for defendant Burlington Northern Inc.

Murphy & Kalar, William E Kalar, Grand Rapids, Minn., for defendant Village of Grand Rapids.

Spellacy & Lano, Neal A. Lano, Grand Rapids, Minn., for defendant Gene M. Brink.

### MEMORANDUM & ORDER

DEVITT, Chief Judge.

This civil action is one brought under the Rivers and Harbors Act, 33 U.S.C. § 401 et seq., with jurisdiction predicated upon 28 U.S.C. § 1331(a).[1] Plaintiff, a lower riparian land owner seeks injunctive relief and damages for injury to his rights of navigation and anchorage as well as to his land. Plaintiff alleges that the damage involved was caused by continuing acts of the various defendants in dumping, without permit, solid and liquid waste, refuse, and debris into the waters of the Mississippi River.

Two motions are before the court. Defendants have moved to dismiss the action for lack of subject matter jurisdiction on the grounds that the matter in controversy does not arise under the constitution, laws or treaties of the United States within the meaning of 28 U.S.C. § 1331(a). Plaintiff has moved under Rule 39(b) of the Federal Rules of Civil Procedure for an order directing trial of the action by jury notwithstanding his failure to make timely demand for jury trial under Rule 38.[2]

### Defendants' Motion to Dismiss

■ Based upon the assumption that the legislative intent behind the passage of the Rivers and Harbors Act was the protection of navigation, Christiansen & Sons v. City of Duluth, 154 F.2d 205 (8th Cir. 1946),[3] a number of courts dealing with the scope of relief available under this act have held that the statute should not be read to recognize a federally created right of action where the interest to be protected is unrelated to navigation or anchorage. Acme Boat Rentals, Inc. v. J. Ray McDermott & Co., 424 F.2d 393 (5th Cir. 1970); Guthrie v. Alabama By-Products Co., 328 F. Supp. 1140 (N.D.Ala.1971); Lavagnino v. Porto-Mix Concrete Inc., 330 F.Supp. 323 (D.Colo.1971); Lauritzer v. Chesapeake Bay Bridge & Tunnel Dist., 259 F.Supp. 633 (E.D.Va.1966). But these decisions do hold that where plaintiff

---

1. The Rivers and Harbors Act is also known as the Protection of Waters Act and the Refuse Act.

2. Plaintiff urges that his demand for jury trial was timely. On the basis of the files it appears that it was not. Williams v. Farmers and Merchants Ins. Co., 457 F.2d 37 (8th Cir. 1972). Wright & Miller: Civil §§ 1171 & 2320.

3. Several recent decisions have questioned the validity of this assumption. See, e. g., United States v. Pennsylvania Industrial Chemical Corp., 329 F.Supp. 1118 (W.D.Pa.1971); United States v. Maplewood Poultry Co., 327 F.Supp. 686 (D.Me.1971); United States v. United States Steel Corp., 328 F.Supp. 354 (N.D.Ind.1970). By analogy to the reasoning of these cases, decided in the context of criminal prosecutions for violations of Section 407, it is at least arguable that the Rivers and Harbors Act does support a civil cause of action for damage to rights other than those connected with navigation and anchorage. Support for this position is also found in United States v. Standard Oil Co., 384 U.S. 224, 86 S.Ct. 1427, 16 L.Ed.2d 492 (1966), where the Court said of Section 407, "It is plain from its legislative history that the 'serious injury' to our watercourses . . . sought to be remedied was caused in part by obstacles that impeded navigation and in part by pollution. . . .", 384 U.S. 228, 86 S.Ct. 1429. Support also is found in the reasoning contained in Kalur v. Resor, 335 F.Supp. 1 (1971), where the Rivers and Harbors Act was viewed as an effective vehicle in attempting to improve the quality of the nation's water. In Kalur, the court urged that the congressional intent behind the act was to keep the waterways clean for both navigation and environmental purposes.

has alleged injury to rights of navigation and anchorage the district court is vested with jurisdiction under 28 U.S.C. § 1331. Since plaintiff does seek damages for interference with rights of navigation and anchorage, the court does have jurisdiction and defendants' motion must be denied.[4]

### Plaintiff's Motion for Trial By Jury

 Where the action is one in which a demand for jury trial might have been made as a matter of right, a Rule 39(b) motion is one addressed to the sound discretion of the court. Miskell v. Southern Food Co., 439 F.2d 790 (5th Cir. 1971). Although the courts have split on the issue of what considerations should govern the district court in the exercise of its discretion in dealing with a Rule 39(b) motion, Noonan v. Cunard S. S. Co., 375 F.2d 69 (2d Cir. 1967); Swofford v. B. & W. Inc., 336 F.2d 406 (5th Cir. 1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); General Tire & Rubber Co. v. Watkins, 331 F.2d 192 (4th Cir. 1964), cert. denied, 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964), it is perhaps the best solution for the court to view each application openly with, " . . . an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied." Wright & Miller, Federal Practice and Procedure: Civil § 2334.

Here several factors militate against granting plaintiff's motion.

This action is one involving complex and interrelated considerations of federal and state law. In addition both legal and equitable relief is sought. Under these circumstances as well as in light of defendants' strong objections to plaintiff's motion, I believe it proper to deny the motion and place the action on the court calendar.

Therefore, it is ordered that both defendants' motion to dismiss the action for lack of subject matter jurisdiction, and plaintiff's motion for a jury trial filed under Rule 39(b) be, and hereby are denied.

---

4. At this point since the parties have neither argued nor briefed the issue, the court expresses no opinion whether plaintiff has shown sufficient amount in controversy to support jurisdiction under § 1331. Assuming that plaintiff is able to show sufficient amount in controversy in regard to the claimed interference with navigation and anchorage, under the doctrine of pendent jurisdiction he may then assert in this action any claim arising out of the common nucleus of operative facts from which the federal claim arose. United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Since any claim plaintiff might have under state law here could be said to be closely tied to the emerging federal policy of protecting and safeguarding the environment, 42 U.S.C. § 4321, the case appears to be a proper one for the application of the pendent jurisdiction doctrine. *Gibbs, supra.*