CAPELETTI BROTHERS, INC., et al.,
Plaintiffs-Appellees Cross-Appellants,

v.

LOCAL # 487 INTERNATIONAL UN-
ION OF OPERATING ENGINEERS,
AFL–CIO,       Defendants-Appellants
Cross-Appellees.

No. 74–3122.

United States Court of Appeals,
Fifth Circuit.

June 18, 1975.

Rehearing Denied July 21, 1975.

Thomas J. Dorsey, Joseph C. Segor, Miami, Fla., for defendants-appellants cross-appellees.

Donald R. Holley, William R. Radford, Miami, Fla., for plaintiffs-appellees cross-appellants.

Before BELL, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Plaintiffs brought suit against defendant union for damages under § 303(b) of the Labor Management Relations Act, 29 U.S.C.A. § 187(b). The claim developed as one arising out of an alleged secondary boycott in violation of § 8(b)(4)(ii)(B), 29 U.S.C.A. § 158(b)(4)(ii)(B), wherein the owner of Miami Lakes, a large subdivision under construction in Dade County, Florida, was coerced and restrained by the union to the point of ceasing to deal with plaintiffs who were longtime non-union contractors on the job.[1]

The district court found that the owner ceased using plaintiffs on the construction job because of picketing by the union and a "tacit, unspoken but well recognized understanding" between an official of the owner and an official of the union that work interruptions from the picketing would end when plaintiffs were removed from the job, and that plaintiffs were removed from the job. There is ample support in the record for these findings and thus of the conclusion that § 8(b)(4)(ii)(B) was violated. We also find an adequate basis in fact and law for the damages awarded against the union in the sum of $97,483.12.

Plaintiffs have taken a cross-appeal and urge thereunder that the district court erred in denying them additional damages based on work performed on the Miami Lakes job after their removal and in their stead by Lowell Dunn Company, Nash Brothers, Inc. and William Tisdol. They also contend that they were entitled to recover expenses incurred for additional guards employed to protect their property during the picketing by the union, and for losses suffered in the diversion of key personnel from the performance of their normal duties during the picketing. Except as to the William Tisdol claim, we find that the district court was not clearly erroneous in denying damages as a factual matter. There was sound reason for the denial in each instance.

The district court apparently overlooked making a finding as to the damages claimed from the alleged loss of work previously done by plaintiffs to William Tisdol in the gross amount of $37,331.26. Whether such a loss in fact occurred, whether it was proximately related to the union's conduct, and if so, the amount of damages due plaintiffs therefor, are questions to be resolved by the district court. As to this claim, the judgment will be vacated and the cause remanded for such resolution. Acme Boat Rentals, Inc. v. J. Ray McDermott & Company, 5 Cir., 1969, 407 F.2d 1324.

Lastly, plaintiffs contend that they were entitled to recover attorneys fees in bringing this § 303 suit. The

---

1. § 158

    (b) It shall be an unfair labor practice for a labor organization or its agents—

        *    *    *    *    *    *

    (4)(i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—

        *    *    *    *    *    *

    (B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title: *Provided,* That nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing;

court was of the view that there was no legal basis for awarding attorneys fees in a § 303 suit unrelated to effectuating a resumption of work. We agree. See Refrigeration Contractors, Inc. v. Pipefitters Local 211, 5 Cir., 1974, 501 F.2d 668, 671–72; Sheet Metal Workers Local 233 v. Atlas Sheet Metal Co., 5 Cir., 1967, 384 F.2d 101, 110.[2]

Affirmed on the appeal, affirmed on the cross-appeal except as to the William Tisdol claim. The judgment is vacated as to that claim and the cause is remanded for further proceedings as to it not inconsistent herewith. Each party shall bear its own costs.

---

2. The court awarded damages in the form of attorneys fees in the amount of $1,300 as a part of the $97,483.12 in damages but this award was for obtaining Labor Board relief against the union related to the picketing and thus the resumption of work. This award was authorized by these authorities.