LINBECK CONSTRUCTION CORPORA-TION, a Texas Corporation, Plaintiff-Appellee,

v.

INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNA-MENTAL IRON WORKERS, AFFILI-ATED LOCAL UNION 597, Defendant-Appellant.

No. 76–3020
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1977.

* Rule 18, 5 Cir.;  see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Joseph S. Farley, Jr., Jacksonville, Fla., for defendant-appellant.

Hugh E. Hackney, Joe P. Martin, Oscar N. Hibler, Jr., Houston, Tex., for plaintiff-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

Linbeck Construction Corporation filed and successfully prosecuted an unfair labor practice charge. This suit for damages was then instituted and the district court granted partial summary judgment awarding attorney fees and litigation expenses. This Court granted the parties leave to appeal from that interlocutory order. We determine that Linbeck is entitled to recover over $15,000 of expenses incurred in prosecuting the charge before the administrative law judge and the National Labor Relations Board and affirm.

The International Association of Bridge, Structural, and Ornamental Iron Workers, Affiliated Local Union No. 597, AFL–CIO, was charged with violating § 8(b)(4)(i)(ii)(B) of the National Labor Relations Act, 29 U.S.C. § 151 et seq. The complaint alleged that the Union had caused its members, or those employees that it represents who were employed by Linbeck on a work project in Jacksonville, Florida, to join in a concerted refusal to perform work for the purpose of inducing or coercing Linbeck to cease doing business with Architectural Products, Inc. A hearing was held before an administrative law judge where all parties were represented by counsel, presented evidence, cross-examined witnesses, and presented oral argument. The administrative law judge concluded that the Union had violated § 8(b)(4)(i)(B) of the National Labor Relations Act. Both parties appealed the decision. The National Labor Relations

**950**

Board amended the order and affirmed on January 21, 1974. 208 N.L.R.B. 524 (1974).

■ This suit for damages, occasioned by the Union's illegal activity, was filed on July 22, 1974, pursuant to § 303 of the Labor Management Relations Act, 29 U.S.C. § 187. Section 303(b) provides that whoever has been injured in his business or property through unlawful secondary activities shall recover the (compensatory) damages sustained by him and the cost of the suit. The question of the Union's liability to Linbeck is not in controversy as both parties agreed that the decision of the National Labor Relations Board, involving the same issues and parties as this case, was res judicata as to liability. The Union also concedes that this Court has repeatedly held that reasonable attorneys' fees incurred in effectuating a resumption of work through proceedings before the National Labor Relations Board may be recovered by a successful § 303 plaintiff as damages sustained from the unlawful secondary activities of a union. See, *H. L. Robertson and Associates, Inc. v. Plumbers Local Union 519, etc.,* 5 Cir. 1970, 429 F.2d 520; *Refrigeration Contractors, Inc. v. Plumbers Local Union 211, etc.,* 5 Cir. 1974, 501 F.2d 668.

■ The Union's complaint, which formed the basis of this appeal, is that the attorneys' fees awarded to Linbeck were not reasonable and they were not incurred in effectuating a resumption of work. Substantial evidence was presented to the district court on the issue of the reasonableness of the attorneys' fees claimed as damages in this case. Based upon the affidavits submitted by counsel for Linbeck, the attorneys' fees were reasonable in light of the number of hours spent in preparation for all of these proceedings. The determination of a reasonable attorneys' fees is left to the sound discretion of the trial judge and this Court will not set aside that determination absent a clear abuse of that discretion. See, *Ferguson v. Winn Parish Police Jury,* 5 Cir. 1976, 528 F.2d 592; *McDonald v. Oliver,* 5 Cir. 1976, 525 F.2d 1217; *Weeks v. Southern Bell Telephone and Telegraph Co.,* 5 Cir. 1972, 467 F.2d 95.

■ In awarding partial summary judgment to Linbeck, the District Court adequately addressed the Union's contention that litigation expenses should be recoverable only when they are incurred in an effort to force the defendant to resume work:

"Literally, defendant's ironworkers had resumed work on May 30, 1973. This fact alone, however, is not controlling of the issue here. On May 17, when the unfair labor practice charge was filed, defendant's men had not resumed work. The fact that they subsequently did, did not render the charge of illegal activity moot. It cannot be said that the pendency of the action had no bearing on defendant's decision to resume work. Nor can it be said that continued prosecution had no influence on their decision to stay on the job. If defendant could conduct illegal activities of short duration but voluntarily cease those activities prior to judicial review, then defendant could successfully circumvent 29 U.S.C. § 187 by placing an inordinate burden of prosecution, whether successful or not, on plaintiff. This cannot be permitted."

Attorneys' fees and litigation expenses can be recovered in a suit brought under 29 U.S.C. § 187 when such expenses arise from plaintiff's participation in unfair labor practice proceedings before the National Labor Relations Board and when the expenses were necessitated by plaintiff's attempt to force a defendant to cease its illegal activity and to resume work. *Capeletti Brothers, Inc. v. Local 487 International Union of Operating Engineers, AFL–CIO,* 5 Cir. 1975, 514 F.2d 1239; *Sheetmetal Workers International Association, Local 223 v. Atlas Sheetmetal Company,* 5 Cir. 1967, 384 F.2d 101. Also see, *Mason-Rust v. Laborers' International Union of North America,* 8 Cir. 1970, 435 F.2d 939, wherein the court allowed as damages, attorneys' fees incurred after the work had been resumed because it was clear that the legal action played a decisive role in the Union's decision to terminate its activities.

The District Court correctly determined that plaintiff's legal expenses were incurred

in an effort to force the Union to cease its illegal activity and to force the Union members to resume work. We find the amount awarded as attorneys' fees and litigation expenses reasonable. Therefore, the District Court order awarding partial summary judgment to Linbeck Construction Corporation is affirmed.

AFFIRMED.