ASSOCIATED GENERAL CONTRAC-
TORS OF MINNESOTA, Appellant,

v.

CONSTRUCTION AND GENERAL LA-
BORERS LOCAL NO. 563, a labor un-
ion; Bricklayers and Stone Masons Un-
ion Local No. 2, a labor union; Plumb-
ers Union Local No. 15, a labor union;
and International Union of Operating
Engineers Twin City Local No. 49, a
labor union, Appellees.

No. 79–1152.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1979.

Decided Nov. 26, 1979.

As Amended on Grant in Part and Denied
in Part of Petition for Clarification
Dec. 19, 1979.

Larry A. Hanson, Moore, Costello & Hart, St. Paul, Minn., for appellant; A. Patrick Leighton, and Chris R. Kabella, St. Paul, Minn., on brief.

Ernest I. Reveal, III, Robins, Davis & Lyons, St. Paul, Minn., for appellees; Samuel I. Sigal, Sigal & Miller, Minneapolis, Minn., and Stephen D. Gordon, St. Paul, Minn., on brief.

Before BRIGHT and HENLEY, Circuit Judges, and MARKEY,* Chief Judge, United States Court of Customs and Patent Appeals.

MARKEY, Chief Judge.

Appeal from an order of the United States District Court for the District of Minnesota, granting defendants' motion for summary judgment and dismissing the complaint in an action for damages pursuant to § 303 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 187. We vacate the order and remand.

### Background

Associated General Contractors of Minnesota (AGC) employed members of the defendant Unions for a construction project in Minnesota. A separate contractor was picketed by members of a union not here involved. Members of the defendant Unions conducted a work stoppage. When AGC initiated this action under §§ 301 and 303(b),[1] of the LMRA, 29 U.S.C. §§ 185 and 187, the district court issued an injunction and directed the parties to arbitrate their dispute. That order was affirmed. *Associated General Contractors of Minnesota v. International Union of Operating Engineers, Twin City Local No. 49*, 519 F.2d 269 (8th Cir. 1975).

When the arbitrator's award found the work stoppages authorized by collective bargaining agreements, the Unions allegedly resumed them. AGC filed unfair labor practice charges with the National Labor Relations Board (NLRB). The NLRB's decision finding Union violations of § 8(e) of the NLRA was affirmed and enforced on appeal. *Bricklayers and Stone Masons Union, Local No. 2 v. NLRB*, 183 U.S.App.D.C. 256, 562 F.2d 775 (D.C.Cir.1977).

When the district court scheduled this action for trial, AGC filed a supplemental complaint seeking attorneys' fees incurred in halting the strikes and achieving resumption of work as its measure of damages from the violation.

The district court granted the Unions' motion for summary judgment, holding that the Supreme Court's opinion in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (*Alyeska*), precludes "recovery [under § 303] of attorneys' fees incurred by an employer to remedy a union's unfair labor practice, absent bad faith on the part of the union. *See F.F. Instrument Corp. v. Union de Tronquista*, 558 F.2d 607 (1st Cir. 1977). *See also Mead v. Retail Clerks Int'l Ass'n*, 523 F.2d 1371 (9th Cir. 1975); *Noranda Aluminum, Inc. v. United Brotherhood of Carpenters and Joiners*, 528 F.2d 1304 (8th Cir. 1976) [, *aff'g* 382 F.Supp. 1258 (E.D.Mo.1973)]; *Food Handlers Local 425 v. Valmac Industries, Inc.*, 528 F.2d 217 (8th Cir. 1975)."

### Issue

The issue is whether summary judgment was here required in light of *Alyeska*.

### OPINION

Some of the opinion language in *Alyeska*, particularly that concerning the "American Rule," could lead to a view that attorneys'

---

* HOWARD T. MARKEY, Chief Judge, United States Court of Customs and Patent Appeals, Washington, D. C., sitting by designation.

1. Section 303 states:
   (b) Whoever shall be injured in his business or property by reason or [*sic*, of] any violation of subsection (a) of this section may sue therefor in any district court of the United States subject to the limitations and provisions of section 185 of this title without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the cost of the suit.

fees may never be recovered, absent equitable grounds or a statute specifically authorizing their recovery. Whether that view may be applicable to an "award" of attorneys' fees incurred by a victorious litigant as a fruit of its victory need not be decided here, where we deal with compensatory damages in the form of attorneys' fees incurred elsewhere in achieving a resumption of work.

Before and after *Alyeska*, this and other federal courts consistently held that damages recoverable under § 303(b) included attorneys' fees incurred by an employer in effecting a resumption of work, but did not include costs or attorneys' fees involved in bringing the § 303 action itself.[2] In the present case, AGC seeks only the attorneys' fees it incurred in effecting a resumption of work and does not seek costs or attorneys' fees involved in bringing the § 303 action itself.

In *Alyeska*, which involved the statutory limitation of right-of-way widths, 421 U.S. at 264, 95 S.Ct. at 1625, the Supreme Court held that a plaintiff acting as a "private attorney general" was not properly awarded attorneys' fees in light of the "American Rule" that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser," *id.* at 247, 95 S.Ct. at 1616, explaining, *id.* at 263–64, 95 S.Ct. at 1624–25:

It is true that under some, if not most, of the statutes providing for the allowance of reasonable fees, Congress has opted to rely heavily on private enforcement to implement public policy and to allow counsel fees so as to encourage private litigation. . . . But congressional utilization of the private-attorney-general concept can in no sense be construed as a grant of authority to the Judiciary to jettison the traditional rule against nonstatutory allowances to the prevailing party and to award attorneys' fees whenever the courts deem the public policy furthered by a particular statute important enough to warrant the award.

Congress itself presumably has the power and judgment to pick and choose among its statutes and to allow attorneys' fees under some, but not others. But it would be difficult, indeed, for the courts, without legislative guidance, to consider some statutes important and others · unimportant and to allow attorneys' fees only in connection with the former.

▆ That the courts, as explained in *Alyeska*, cannot delve into statutes to select those "important" enough to warrant attorneys' fees based on a private attorney general theory is thus clear.[3] That determina-

2. Before: *Refrigeration Contractors, Inc. v. United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry*, 501 F.2d 668, 671 (5th Cir. 1974); *Bryant Air Conditioning and Heating Co., Inc. v. Sheet Metal Workers' International Association*, 472 F.2d 969, 972 (8th Cir. 1973); *Mason-Rust v. Laborers' International Union of North America*, 435 F.2d 939, 948 (8th Cir. 1970); *Sheet Metal Workers International Association v. Atlas Sheet Metal Company*, 384 F.2d 101, 110 (5th Cir. 1967); *Local Union 984 v. HumKo Company, Inc.*, 287 F.2d 231, 243 (6th Cir.), *cert. denied*, 366 U.S. 962, 81 S.Ct. 1922, 6 L.Ed.2d 1254 (1961).

   After: *Texas Distributors, Inc. v. United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry*, 598 F.2d 393, 401 (5th Cir. 1979); *Linbeck Construction Corp. v. International Association of Bridge, Structural and Ornamental Iron Workers*, 547 F.2d 948, 950–51 (5th Cir. 1977); *Sillman v. Teamsters Union Local 386*, 535 F.2d 1172, 1174, 1175 (9th Cir. 1976); *Noranda Alumi-*

num, *Inc. v. United Brotherhood of Carpenters and Joiners*, 528 F.2d 1304, 1309–10 (8th Cir. 1976); *Capeletti Brothers, Inc. v. Local # 487 International Union of Operating Engineers*, 514 F.2d 1239, 1240–41 (5th Cir. 1975). Reasons for the absence of discussion of *Alyeska* from these later cases are unknown, but that it went unmentioned would tend to weaken it as a sole basis for the grant of summary judgment here.

3. The thrust of *Alyeska*, *i. e.*, that an award of attorneys' fees based on public policy is a matter for the Congress, not the courts, is clear and unquestioned, as is the continued viability of a court's inherent power to award attorneys' fees on equitable grounds, some of which are listed in *Alyeska*. See *National Association of Letter Carriers v. United States Postal Service*, 192 U.S.App.D.C. 55, 590 F.2d 1171 (D.C.Cir.1978) (measurement of § 303(b) authorized compensatory damages by the attorneys' fees incurred in terminating a work stoppage neither discussed nor involved).

tion does not, however, exhaust the present inquiry as to whether a statute specifically authorizing recovery of damages by a party injured in violation of the labor law authorizes as an element of those damages the attorneys' fees it incurred in terminating the violation.

■ *Alyeska* did not involve labor law and did not discuss § 303.[4] The case involved only the propriety of the "private attorney general" exception there in issue. The attorneys' fee demand here is predicated on the recovery of compensatory damages from an earlier, terminated violation, as provided by § 303(b), not on a theory of recovery for attorneys' fees incurred in a suit brought as a "private attorney general" or otherwise. We cannot agree that *Alyeska*, a Supreme Court opinion in a case so different on its facts, can of itself warrant summary judgment and dismissal of a complaint seeking attorneys' fees under § 303(b) as damages incurred in effecting

resumption of work.[5] *Zenith Radio Corp. v. United States*, 437 U.S. 443, 462, 98 S.Ct. 2441, 57 L.Ed.2d 337 (1978).

■ Section 303(b) provides for compensation of injuries directly resulting from unlawful secondary activities. *Sheet Metal Workers International Association*, 384 F.2d at 109. Courts have held compensable damages to include loss of profits, costs of subcontracting and overtime, overhead expense allocable to lost income, and wages of unproductive employees, as well as attorneys' fees incurred in achieving resumption of work. *Mead*, 523 F.2d at 1376–79; *Mason-Rust*, 435 F.2d at 945–46; *Sheet Metal Workers International Association*, 384 F.2d at 109–10. What is sought here is not an "award" of attorneys' fees in the case at hand, but that part of AGC's compensatory damages consisting of the attorneys' fees it incurred in achieving resumption of work. *Scott v. Local Union 377*, 548 F.2d 1244, 1246 (6th Cir. 1977).

---

4. That § 303 was not among the statutes listed in *Alyeska* as providing for attorneys' fees is not significant. There was no indication that the Court intended its list to be exhaustive. 421 U.S. at 260 n.33, 261 n.34 & 35, 262 n.36, 95 S.Ct. at 1623. Among numerous others then in force but not listed were: §§ 14(d), 14(f), and 14(g) of the Commodity Exchange Act, 7 U.S.C. §§ 18(d), 18(f), and 18(g) (1974); § 8(d) of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2607(d) (1974); § 35 of the Lanham Act, 15 U.S.C. § 1117 (1975); § 3 of the Hobby Protection Act, 15 U.S.C. § 2102 (1973); and § 110 of the Magnuson-Moss—Federal Trade Commission Improvement Act, 15 U.S.C. § 2310(d) (1975).

5. The cases listed in the appealed order are not persuasive of its correctness:

In *F.F. Instrument Corp., supra*, the court denied attorneys' fees because the Board proceeding, "aimed chiefly at securing redress and future protection," 558 F.2d at 611, was too remote from the union's violation. Though the court cited *Mead*, it recognized as the rule in § 303 cases that "costs of reasonable legal action taken . . . to effect a resumption of work may be recovered." *Id.* at 610, 611 n.4.

The court in *Mead, supra*, noted the NLRB's adherence to the "American Rule," stated that the NLRB's limitation of attorneys' fees to

cases of frivolous or bad faith defenses is not inconsistent with *Alyeska*, 523 F.2d at 1381, and that recovery of attorneys' fees in every case by subsequent section 303 action would circumvent the Board's rule. *Id.* at 1381. Those considerations are not controlling. The award of damages including attorneys' fees by a federal court in a proper case under § 303(b) is not dictated by an administrative agency's rules. *Mead*, the sole appellate opinion refusing attorneys' fees under § 303(b) in view of *Alyeska*, was not mentioned by a subsequent panel of the same court in affirming attorney's fees as damages under § 303(b). *Sillman*, 535 F.2d at 1174, 1175.

In *Noranda, supra*, attorneys' fees were sought as expenses incurred in stopping a strike and picketing, 382 F.Supp. at 1263, and in bringing the § 303 suit. *Id.* at 1264. This court *affirmed* the district court's award of compensatory damages in the form of attorneys' fees, 528 F.2d at 1309–10.

*Valmac Industries, Inc., supra*, involved a suit for reformation of a labor contract, 528 F.2d at 218–19, not for damages under § 303. Citing *Alyeska*, the court affirmed an award of attorneys' fees in the absence of an authorizing statute because " 'bad faith' conduct [was] present . . . ." *Id.* at 219.

■ Reasonable attorneys' fees incurred in effecting resumption of work in effect take the place of other compensable damages which would continue to be suffered if work were not resumed. Aimed at mitigating the losses resulting from a work stoppage, and at preserving the enterprise, they are analogous to costs of subcontracting and overtime. They are within the purview of § 303(b), as other courts have held. *Texas Distributors, Inc.*, 598 F.2d at 401; *Sheet Metal Workers International Association*, 384 F.2d at 110.

■ Our decision here is limited: principles enunciated in *Alyeska* will not serve to bar proper recovery of attorney's fees as damages to "business or property" under section 303, 29 U.S.C. § 187. We intimate no opinion on the merits but observe that the trial court may be called upon to consider and decide whether all, part, or none of appellant's expenses for counsel fees directly related to a Union violation under section 8(b)(4) (29 U.S.C. § 158(b)(4)).[6]

Accordingly, the order of the district court granting the Unions' motion for summary judgment is vacated and the case is remanded for further proceedings.

---

**6.** Section 303(a) limits recovery of damages for "activity or conduct defined as an unfair labor practice in section 158(b)(4) of this title." 29 U.S.C. § 187.